BUCHALTER
A Professional Corporation
JEFFREY M. HAMERLING
(Bar No. 91532)
MATTHEW S. COVINGTON
(Bar No. 154429)
ALISSA R. PLEAU-FULLER
(Bar No. 258907)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email:  jhamerling@buchalter.com
        mcovington@buchalter.com
        apleaufuller@buchalter.com

Attorneys for Defendants
TESORO REFINING & MARKETING
COMPANY LLC and TREASURE
FRANCHISE COMPANY LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KIM, an individual, KIM FAMILY VENTURES, LLC, a California limited liability company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TREASURE FRANCHISE COMPANY LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 2:17-cv-06241-AB-RAO<br><br>*Assigned to the Honorable André Birotte, Jr.*<br><br>**STIPULATED PROTECTIVE ORDER**[1]<br><br>**DISCOVERY MATTER**<br><br>**Magistrate Judge:** Honorable Rozella A. Oliver<br>**Dept.:** F<br><br>Action Filed:    August 23, 2017<br>Trial Date:      March 12, 2019 |

---

[1] This Stipulated Protective Order is substantially based, with modifications, on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

**PLEASE TAKE NOTICE** that Plaintiffs Thomas Kim and Kim Family Ventures, LLC, on the one hand, and Defendants Tesoro Refining & Marketing Company LLC and Treasure Franchise Company LLC, on the other hand, (collectively referred to hereinafter as "Parties") by and through their respective counsel, hereby stipulate to this proposed protective order subject to approval of the Court.

**IT IS HEREBY STIPULATED** that the Court be requested to enter the following Stipulated Protective Order ("Protective Order") in this matter**:**

## 1.   INTRODUCTION

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B.   GOOD CAUSE STATEMENT

Good Cause exists because discovery in the above-entitled action will include disclosures by a disclosing Party of non-public information and documents that such disclosing Party considers to be privileged, trade secret, proprietary, and/or confidential to such Party (the "Confidential Information" or "Protected Material"), which although may be relevant to these proceedings, would otherwise be protected from disclosure, and consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information

BUCHALTER
A PROFESSIONAL CORPORATION
SACRAMENTO

(including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The Parties wish to avoid the expenses, including attorney's fees, that would necessarily be incurred to resolve a controversy regarding the potential disclosure of such information deemed confidential. The Parties have agreed to the entry of this Protective Order as evidenced by the signatures of their respective counsel.

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

*Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a Party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. **DEFINITIONS**

   **2.1   Action:** This pending federal lawsuit.

   **2.2   Challenging Party:** a Party or Non-Party that challenges the

**STIPULATED PROTECTIVE ORDER– CASE NO. 2:17-CV-06241-AB-RAO**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

designation of information or items under this Order.

     **2.3** **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure section 26(c), and as specified above in the Good Cause Statement.

     **2.4** **Counsel:** Outside Counsel of Record and House Counsel (as well as their support staff).

     **2.5** **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

     **2.6** **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

     **2.7** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

     **2.8** **House Counsel**: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other Outside counsel.

     **2.9** **Non-Party:** any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

     **2.10** **Outside Counsel of Record:** attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

     **2.11** **Party:** any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

support staffs).

      **2.12  Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      **2.13  Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      **2.14  Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Confidential-Attorneys' Eyes Only".

      **2.15  Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing or Designating Party.

**3.**    <u>**SCOPE**</u>

      The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.**    <u>**DURATION**</u>

      Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court

record).

5.    **DESIGNATING PROTECTED MATERIAL**

      **5.1    Exercise of Restraint and Care in Designating Material for Protection.**

      Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      **5.2    Manner and Timing of Designations.**

      Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Protective Order requires:

          (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" (hereinafter

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

"CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  Any Confidential Information supplied in electronic form shall also be accompanied by a document from the Designating Party identifying such information to be either "Confidential" or "Confidential – Attorneys Only."

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to Confidential Information, the reporter will be informed of this Protective Order by the Party seeking confidentiality and will be required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information" and must bear the legend "Confidential" or "Confidential – Attorneys Only" as appropriate.  Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" or

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

"Confidential - Attorneys Only" from being disclosed to any person except as provided in this Protective Order.

(1)     Each Designating Party shall provide the other Parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential" and/or "Confidential - Attorneys Only."  Unless the Parties otherwise agree, such list shall be provided to the other Parties within fifteen business days after Counsel for the respective Parties receives a copy of any deposition transcript and the deponent has either corrected and signed the transcript or the time has lapsed for the deponent to make changes to the transcript.

(2)     The original or any copy of any deposition transcript, which contains Confidential Information and is labeled "Confidential" or "Confidential - Attorneys Only" must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate "CONFIDENTIAL legend."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3     Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

///

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 6.2 Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

### 6.3 Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

///

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**

All Confidential Information disclosed by a Designating Party to a Receiving Party shall be received by such Receiving Party in confidence, shall be used by such Receiving Party solely in connection with the trial or preparation for trial of the above-noted action, shall be treated by it in the same manner with which it treats its own information which it deems to be confidential and proprietary, and shall not be disclosed, directly or indirectly, to any person except as provided in this Section.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated:

**7.2.1 "CONFIDENTIAL" only to:**

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information

**STIPULATED PROTECTIVE ORDER– CASE NO. 2:17-CV-06241-AB-RAO**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

1  or a custodian or other person who otherwise possessed or knew the information;

2  (h)  during their depositions, witnesses, and attorneys for witnesses,

3  in the Action to whom disclosure is reasonably necessary provided: (1) the

4  deposing Party requests that the witness sign the form attached as Exhibit A hereto;

5  and (2) they will not be permitted to keep any confidential information unless they

6  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

7  otherwise agreed by the Designating Party or ordered by the Court.  Pages of

8  transcribed deposition testimony or exhibits to depositions that reveal Protected

9  Material may be separately bound by the court reporter and may not be disclosed to

10  anyone except as permitted under this Protective Order; and (3) any mediator or

11  settlement officer, and their supporting personnel, mutually agreed upon by any of

12  the parties engaged in settlement discussions.

### 7.2.2 "CONFIDENTIAL-Attorneys' Eyes Only" only to (other than Designating Party):

15  (a)  Counsel for the Party whether or not counsel of record in this

16  proceeding (including members and employees of such counsel's law firm) and in-

17  house counsel for the Party;

18  (b)  persons engaged by the Party's attorney to furnish expert and

19  litigation support services in this action, but not including the Party receiving the

20  information, or any director, officer, agent or employee of the Party;

21  (c)  pursuant to the restrictions set forth of this Protective Order,

22  officers of the Court, members of the jury;

23  (d)  such other persons as hereafter may be designated by written

24  agreement of the Parties or by order of the Court; and

25  (e)  a deponent, if said deponent is the drafter of the documents or an

26  employee of the producing Party.

27  Said access shall be for the sole limited purpose of trial or preparation for

28  trial of the above-noted action.  Except for the Designating Party, no Party to this

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

action or any director, officer, employee or agent of such Party (other than counsel) shall have access to Confidential Information which is designated "Confidential - Attorneys Only."

Confidential Information designated by a Party as "Confidential - Attorneys Only" may not be disclosed to a deponent unless he or she is a person qualified to have access to such information pursuant to this Protective Order, the Parties otherwise agree, or the Court, for good cause shown, otherwise orders. If Confidential Information designated as "Confidential - Attorneys Only" is to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive information or documents, or any things designated as "Confidential - Attorneys Only."

### 7.2.3. Exhibit A.

Confidential Information held by a Party may be disclosed to persons as provided in Section 7.2, provided that prior to such disclosure such person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in the form of a Declaration, in the form of Exhibit A hereto, that he or she has read this Protective Order and agrees to comply with its terms. However, officers of the Court and the jury, and any other individuals listed in Sect. 7.2.1(a)-(e) and (g) will be exempt from the requirement to execute Exhibit A. Although this Protective Order does not require those individuals to execute Exhibit A, they will be considered bound by the Protective Order pursuant to counsel's execution of this Protective Order. Confidential Information designated by a party as "Confidential" may be disclosed by any other party to a deponent during the deponent's deposition provided that the deponent has been informed of this Protective Order and executes a Declaration, in the form of Exhibit A hereto, that he or she has read this Protective Order and agrees to comply with its terms. The attorneys for the respective Parties shall maintain a file of such Declarations, and shall furnish to the requesting attorney a list of the executing individuals (excluding

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

the names of experts and consultants whose names have not been disclosed in the litigation to date and their employees) within twenty (20) days of receipt of a written request.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "Confidential - Attorneys' Only" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order; if there are fewer than ten (10) days to comply, within two (2) days, if possible, or immediately, if not, or if there are more than ten (10) days to comply, at least seven (7) court days prior to the due date for compliance, notify the Designating Party of the pendency of the subpoena, public records request, or order, in writing, and shall not produce the designated information until the Designating Party has taken appropriate steps to protect the material.

(b)    it shall be the responsibility of the Designating Party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.  The Party must promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a Protective Order, the Party served with the

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure section 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence sections 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

agreement in the Protective Order submitted to the Court.  If a Supplying Party realizes that it has inadvertently produced material it considers confidential without so marking it, it may notify the Receiving Party of the mistake. Upon receiving such notice, the Receiving Party will treat such material and the information contained therein as Confidential or Confidential – Attorneys Only hereunder depending upon the Supplying Party's instructions, and shall promptly either so mark such material or shall return the material, uncopied, to the Supplying Party, who shall then promptly mark the material as Confidential or Confidential – Attorneys Only and again deliver it to the Receiving Party.

## 12.   **MISCELLANEOUS**

### 12.1   **Right to Further Relief.**

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2   **Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  At any stage of the proceedings, any of the Parties may object to a designation of the materials as Confidential Information. The Party objecting to confidentiality must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the Parties within ten (10) days of receipt of such a notice of objections, the Designating Party may move the Court for a ruling on the objection.  The materials at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has otherwise been resolved.

///

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 32504950v4

### 12.3 Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

If one Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.2.

### 12.4 Application.

In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses Confidential Information ("Confidential Testimony") shall be presented only to persons authorized by the terms of this Protective Order to have access to Confidential Information, or to the Court under seal. Any party filing Confidential Information or Confidential Testimony with the Court shall indicate to the Court on filing what portion(s) thereof are subject to this Protective Order, and that the pretrial presentation of such Confidential Information or Confidential Testimony shall be filed under seal. All such Confidential Information and transcripts of Confidential Testimony shall be made available only to the Court and its staff and to the persons authorized by the terms of this Protective Order to have access to Confidential Information.

The provisions of this Protective Order apply to all proceedings in this

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER– CASE NO. 2:17-CV-06241-AB-RAO

BN 32504950v4

1   matter, including all appeals and proceedings upon remand.

2       **12.5   Advice of Counsel.**

3       Nothing in the foregoing provisions regarding confidentiality shall prevent or

4   otherwise restrict Counsel from rendering advice to their clients and, in the course

5   thereof, relying generally on examination of stamped confidential documents;

6   provided, however, that in rendering such advice and otherwise communicating

7   with such clients, Counsel shall not make specific disclosure of any item so

8   designated except pursuant to the foregoing provisions.

9   **13.   <u>FINAL DISPOSITION</u>**

10       After the final disposition of this Action, as defined in paragraph 4, within 60

11   days of a written request by the Designating Party, each Receiving Party must

12   return all Protected Material to the Producing Party or destroy such material. As

13   used in this subdivision, "all Protected Material" includes all copies, abstracts,

14   compilations, summaries, and any other format reproducing or capturing any of the

15   Protected Material. Whether the Protected Material is returned or destroyed, the

16   Receiving Party must submit a written certification to the Producing Party (and, if

17   not the same person or entity, to the Designating Party) by the 60 day deadline that

18   identifies (by category, where appropriate) all the Protected Material that was

19   returned or destroyed and (2) affirms that the Receiving Party has not retained any

20   copies, abstracts, compilations, summaries or any other format reproducing or

21   capturing any of the Protected Material. Notwithstanding this provision, Counsel

22   are entitled to retain an archival copy of all pleadings, motion papers, trial,

23   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

24   and trial exhibits, expert reports, attorney work product, and consultant and expert

25   work product, even if such materials contain Protected Material. Any such archival

26   copies that contain or constitute Protected Material remain subject to this Protective

27   Order as set forth in **Section 4 (DURATION).**

28   *///*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**STIPULATED PROTECTIVE ORDER– CASE NO. 2:17-CV-06241-AB-RAO**

## 14.   **VIOLATION**

Any violation of this Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings.

The Parties, their officers, agents and employees, and their attorneys, shall be responsible to see that the purpose and effect of this Protective Order is achieved.

## 15.   **DURATION**

A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention the aforesaid material or information shall come unless and until otherwise ordered by the Court or stipulated by all Parties to this action.  These obligations of confidentiality and non-disclosure shall survive for five years after the conclusion of this action.

## 16.   **DURATION**

The Parties and all signatories to the certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court.  In the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to facilitate the production of Confidential Information under the terms herein.

STIPULATED AND AGREED BY:

DATED:  April 13, 2018

BUCHALTER
A Professional Corporation

By:  _____*/s/Alissa R. Pleau-Fuller*_____
Alissa R. Pleau-Fuller
Attorneys for Defendants
TESORO REFINING & MARKETING
COMPANY LLC and TREASURE
FRANCHISE COMPANY LLC

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

DATED: April 13, 2018                    BLEAU FOX, A P.L.C.


                                          By: _____ */s/Megan C. Childress* _____
                                                    Megan C. Childress
                                                    Attorneys for Plaintiffs
                                               THOMAS KIM AND KIM FAMILY
                                                      VENTURES LLC


### SIGNATURE ATTESTATION

    Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories concur in the filing's content.


DATED: April 13, 2018                    BUCHALTER
                                         A Professional Corporation


                                          By: _____ */s/Alissa R. Pleau-Fuller* _____
                                                    Alissa R. Pleau-Fuller
                                                    Attorneys for Defendants
                                               TESORO REFINING & MARKETING
                                                 COMPANY LLC and TREASURE
                                                  FRANCHISE COMPANY LLC


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED: April 13, 2018                    _____
                                          HONORABLE ROZELLA A. OLIVER
                                          United States Magistrate Judge

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4

**STIPULATED PROTECTIVE ORDER– CASE NO. 2:17-CV-06241-AB-RAO**

# EXHIBIT A

I, _____, of

_____(address), declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was

issued by the Court on _____ in the case of *Thomas Kim, et al. v.*

*Tesoro Refining & Marketing Company LLC*, *et al.*, Case No. 2:17-cv-06241-AB-

RAO.  I agree to comply with and to be bound by all of the terms of this Stipulated

Protective Order and understand and acknowledge that failure to comply could

expose me to sanctions and/or punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Court for the purpose of

enforcing the terms of this Stipulated Protective Order for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.  I hereby appoint

_____ of _____ as my California

agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Executed this ___ day of _____, 20__, at _____

_____ [place].

_____Signature

Name:_____

Address:_____

Party requesting that the above-signed person have access to "CONFIDENTIAL"

and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"

_____

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 32504950v4